UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ALAN A. RAPPORT,

       Plaintiff,
vs.

RONALD R. WOLFE & ASSOCIATES, P.L.,

       Defendant.
_____/

**COMPLAINT**

**COMES NOW**, the Plaintiff, ALAN A. RAPPORT, by and through undersigned counsel, and brings this action against the Defendant, RONALD R. WOLFE & ASSOCIATES, P.L. ("RONALD WOLFE"), and as grounds thereof would allege as follows:

**JURISDICTION AND VENUE**

1. This action is brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA"). These laws prevent respectively, debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

FD-2145

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Plaintiff resides in this district and this cause of action accrued within this district.

## PARTIES

4. At all times material hereto, Defendant, RONALD WOLFE was and is a Professional Association, incorporated under the laws of the State of Florida, duly licensed to transact business in the State of Florida, and has a principal address of 4919 Memorial Highway Suite 200, Tampa, FL 33634.

5. At all times material hereto, RONALD WOLFE regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

6. At all times material hereto, RONALD WOLFE regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

7. At all times material hereto, RONALD WOLFE, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

8. At all times material hereto, the Plaintiff, was and is a natural persons, and is a "consumer" as that term is defined by 15 USC 1692(a)(3), and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by violations of the Act.

9. At all times material hereto, the alleged debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

## BACKGROUND AND GENERAL ALLEGATIONS

10. Defendant sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was a Promissory Note secured by a mortgage on Plaintiff's primary residence.

FD-2145

11. The alleged debt arises from Plaintiff's ownership of the house which, when purchased, was his primary residence, and where he currently resides.

12. Upon information and belief, RONALD R. WOLFE was hired by JPMORGAN CHASE BANK, NATIONAL ASSOCIATION to collect on the alleged debt and was given specific information regarding the alleged debt in order to collect upon same. Mellentine v. Ameriquest Mortg. Co., 2013 WL 560515 (6th Cir. 2013); Battle v. Gladstone Law Group, P.A., 2013 WL 3297552 (S.D. Fla. June 28, 2013).

13. Upon information and belief, RONALD WOLFE, regularly receives requests for payoff and reinstatement quotes from borrowers in foreclosure.

14. Upon information and belief, RONALD WOLFE, regularly responds to these requests using the mail and the responses regularly state that any checks from borrowers must be made payable to RONALD R. WOLFE & ASSOCIATES PL.

15. Upon information and belief, RONALD WOLFE, has mailed hundreds of payoff and reinstatement quotes in the past year, many to the undersigned firm alone.

16. Upon information and belief, RONALD WOLFE, regularly prepares Final Judgments of Foreclosure in cases in which it serves as foreclosure counsel, which, in addition to enforcing a security instrument, also declare a judgment for a specified amount of money due in principal, interest and fees.

17. Paragraph 4 or 5 of many of the Final Judgments of Foreclosure that RONALD WOLFE regularly prepares in cases in which it serves as foreclosure counsel states in substantially the same language:

> If the grand total amount with interest at the rate described in paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the court shall sell the property at public sale on …

FD-2145

18. Upon information and belief, RONALD R. WOLFE has filed hundreds if not thousands such lawsuits in this county alone, all seeking to collect personal judgments against individual homeowners. See Heintz v. Jenkins, 514 U.S, 291, 299 (1995)(The FDCPA can apply to the litigating acts of attorneys, if the attorney "regularly engage[s] in consumer-debt-collection activity, even when that activity consists of litigation.")

19. In sum, Defendant was seeking to have the Plaintiff personally liable for the alleged debt it sought to collect. See Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012); Birster v. American Home Mortgage Servicing, Inc., 481 Fed.Appx. 579, 582 (11th Cir. 2012).

20. On or about June 12, 2013, Defendant sent Plaintiff a letter seeking to collect an alleged debt from Plaintiff ["The Letter"].

21. The Letter was Defendant's initial communication with Plaintiff.

22. A true and correct copy of the Letter is attached hereto as Exhibit "A".

*23.* The Letter states in relevant part:

> Mortgage Servicer: JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE HOME FINANCE, LLC
>
> Creditor to whom the debt is owed: JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

24. The Letter states twice that it is an attempt to collect a debt.

25. Upon information and belief, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ("CHASE") is not the creditor of the subject loan.

26. 'Creditor' is defined by the FDCPA and FCCPA as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the

FD-2145

purpose of facilitating collection of such debt for another". 15 U.S.C § 1692a(4). *See* <u>Reese v. Ellis, Painter, Ratterree & Adams, LLP</u>, 678 F.3d 1211 (11th Cir. 2012).

27. Upon information and belief, Federal Home Loan Mortgage Corporation ("FREDDIE MAC") claims to be the person to whom the subject debt is owed.

28. At all times material hereto, § 1692g(a) of the FDCPA was in full effect and states:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. 1692(g)

29. Defendant's Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

### COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

30. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

31. Florida Statutes §559.72(9) states:

"In collecting debts, no person shall…

*FD-2145*

>(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

32. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FCCPA in that Defendant asserted that the creditor of the alleged debt was CHASE when Defendant knew that be untrue, in contravention of Florida Statutes §559.72(9).

33. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

34. Defendant knew that CHASE was not the creditor of Plaintiff's alleged debt as in the summons drafted and filed by Defendant only a few weeks after the date of the letter—it states on the bottom left corner of the Summons: CHASEDIRECT-SPECFHLMC.

35. Upon information and belief, "FHLMC" refers to Federal Home Loan Mortgage Corporation.

36. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

37. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, RONALD R. WOLFE & ASSOCIATES, P.L., for statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

### COUNT II-VIOLATION OF FDCPA: 15 USC 1692(e)(10)

*FD-2145*

38. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

39. 15 U.S.C. §1692e(10) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e(10)

40. The Letter contained false, deceptive and misleading representations in connection with the collection of a debt in that it misstates the name of the creditor of Plaintiff's mortgage loan.

41. Defendant's letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

42. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated 15 U.S.C. §1692e(10).

43. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant RONALD WOLFE for statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT III-VIOLATION OF FDCPA: 15 USC 1692(g)(a)

44. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

45. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that the Letter does not provide the name of

*FD-2145*

the creditor of Plaintiff's mortgage loan in contravention of 15 USC 1692(g)(a)(2), and same was not provided within five days of the first communication.

46. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated 15 USC 1692(g)(a).

47. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

48. Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorneys fees

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant RONALD WOLFE for statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require

### DEMAND FOR JURY TRIAL

Plaintiff, ALAN A. RAPPORT, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

 /s/ *Yechezkel Rodal*
YECHEZKEL RODAL, ESQ.
FBN: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:	(954) 523-4357
Facsimile:	(954) 581-2786
Primary e-mail:	chezky@floridaloanlawyers.com

*FD-2145*